# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 24, 2012

No. 12-30422
Summary Calendar

Lyle W. Cayce
Clerk

INGRID CYLESTE WINSLOW-HARRIS,

Plaintiff-Appellant

v.

PATRICK R. DONAHOE, Postmaster General,

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:10-CV-3588

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ingrid Cyleste Winslow-Harris brought claims of retaliatory discharge and employment discrimination against the Postmaster General of the United States Postal Service. The district court granted the Defendant's motion to dismiss the claim of retaliatory discharge and granted the Defendant's motion for summary judgment on the claim of employment discrimination. Winslow-Harris appeals the judgment on both claims. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-30422

On her first claim of retaliatory discharge, the district court held that Winslow-Harris had not exhausted her administrative remedies. *See* 42 U.S.C. § 2000e-16(c). Thus, the district court properly dismissed this claim under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. *Pacheco v. Mineta*, 448 F.3d 783, 788 (5th Cir. 2006).

Winslow-Harris's second claim of discrimination based on her race is analyzed using the traditional burden-shifting rules of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). A plaintiff must first establish a *prima facie* case that she has suffered discrimination based on race. *Frank v. Xerox Corp.*, 347 F.3d 130, 137 (5th Cir. 2003). If that case is made, the burden shifts to the defendant to "articulate a legitimate, nondiscriminatory reason for the questioned employment action." *Id.* If such a reason is given, "the burden shifts back to the plaintiff to produce evidence that the defendant's articulated reason is merely a pretext for discrimination." *Id.*

Assuming Winslow-Harris established her *prima facie* case, the Defendant articulated legitimate, non-discriminatory reasons for discharging Winslow-Harris during her probationary period of employment. Winslow-Harris filed no opposition to the Defendant's motion for summary judgment. The record contains no evidence that the Defendant's stated reasons are pretextual. "'A complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial' and 'mandates the entry of summary judgment' for the moving party." *United States* ex rel. *Farmer v. City of Houston*, 523 F.3d 333, 337 (5th Cir. 2008) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). The claim based on racial discrimination fails because there was no evidence produced suggesting pretext.

The judgment of the district court is AFFIRMED.